COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


JAMES LEE MARTIN

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1886-03-4                        PER CURIAM
                                                    JANUARY 28, 2004
MARGARET A. GOODWIN


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jonathan C. Thacher, Judge

           (Peter M. Baskin; Nicholas A. Balland; Law Offices of Pelton,
           Balland, Demsky, Baskin & O'Malie, on brief), for appellant.

           (Edward J. Walinsky; Shawna L. Stevens; Shoun, Bach & Walinsky,
           P.C., on brief), for appellee.


        James Lee Martin (husband) appeals the June 20 and 27, 2003 orders of the trial court

finding him in contempt of court.  On appeal, husband presents two questions:

           I.  Did the Trial court err in ruling on June 20 and June 27, 2003,
           that the Court Order of March 25, 2003 did not require the lump
           sum payment provided therein to be made pursuant to a Qualified
           Domestic Relations Order (QUADRO) which was ordered to be
           prepared for submission and approval by the Court in its Order of
           March 25, 2003?

           II.  Did the Trial court err in finding the Husband [in] contempt of
           court for not paying the lump sum payment to the Wife [Margaret
           A. Goodwin] ordered to be paid by the Court Order dated March
           25, 2003, because the Qualified Domestic Relations Order
           (QUADRO) required by said Order was not entered by the Court
           on or before June 20, 2003, or June 27, 2003?


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.[1]

Background

Following a hearing, the trial court, by order dated March 25, 2003, directed husband to pay wife, within thirty days, $335,000 as a lump sum settlement. The court also directed husband to "prepare QRDO [sic] for approval & submission." Both parties signed the order "Seen and Agreed."

Husband did not pay wife the $335,000 as directed. Wife petitioned for, and the trial court entered, a rule to show cause why husband should not be held in contempt for failing to pay. The court held a hearing on the rule on June 20, 2003, and entered an order that same day, finding husband in contempt. Husband endorsed the order: "Seen and objected to w/r/t finding of contempt & interpretation of 3/25/03 order." The court continued the matter for one week to enable husband to purge the contempt.

The court held another hearing on June 27, 2003. In an order entered that same day, the court again held husband in contempt for failing to pay the $335,000 to wife. Both parties signed this order "Seen and Agreed."

Husband noted an appeal to both the June 20 and 27, 2003 orders. In lieu of filing transcripts of the March 25, June 20 and June 27, 2003 hearings, husband submitted a proposed written statement of facts. Wife filed objections to husband's proposed statement. The court rejected both the proposed statement and the objections, and entered its own written statement. It reads as follows:

> The Court, on June 20, 2003, entered an interim Order finding the Defendant, JAMES LEE MARTIN, in contempt of court for failing to pay to the Complainant a lump sum payment of $335,000 representing pension proceeds. In its interim Order, the

---

[1] We deny appellee's motion to dismiss the appeal.

Court directed that the matter be further heard on June 27, 2003, permitting the Defendant to appear and attempt to purge the contempt or provide reason why the money had not been paid. Issues of post-judgment interest and attorneys fees were also reserved for June 27, 2003, with Defendant's counsel being permitted to present further argument.

The facts are as they appear in the Court's Orders of March 25, 2003; March 28, 2003; June 10, 2003; June 20, 2003; and June 27, 2003.

Analysis

As a threshold matter, we hold that husband waived any objection to the June 27, 2003 order by signing the order "Seen and Agreed." A party should not be permitted to "approbate and reprobate, by ascribing error to an act by the trial court that comported with [that party's] representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000). See also Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988) (no litigant will be permitted to approbate and reprobate, that is, to invite error and then take advantage of the situation created by his own wrong); Rule 5A:18. Therefore, in analyzing husband's questions presented, we consider only the June 20, 2003 order.

Husband's questions presented are related. Both arguments are premised on the assumptions that the $335,000 payment would be made pursuant to a Qualified Domestic Relations Order (QDRO) and that the payment was not due until a QDRO was in place. Nothing in this record supports these assumptions. The March 25, 2003 order clearly states that the $335,000 payment is to be made "[w]ithin 30 (thirty) days of this order." Payment of the $335,000 is not contingent upon any factor, including the entry of a QDRO. The language of the order is plain and straightforward. We cannot draw the assumptions husband urges.

Accordingly, we find no error in the trial court's June 20, 2003 determination that husband was in contempt of the March 25, 2003 order.

Affirmed.